TOWNLEY *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

4-9837 249 S. W. 2d 845

Opinion delivered June 23, 1952.

*Hill, Fitzhugh & Brizzolara,* for appellant.

*Leo D. Fitzgerald* and *Rose, Meek, House, Barron & Nash,* for appellee.

WARD, J. The interpretation of language in a life insurance policy is here involved.

On November 28, 1946, appellee issued policy No. 12,287,621 on the life of Mary S. Townley, infant daughter of appellant, for the face amount of $1,000, but payable according to the provisions hereinafter mentioned.

Infant Mary died on May 18, 1951, appellee offered to pay a certain sum (less than $1,000), this was refused, and suit was brought for the full amount. Appellee tendered into court the sum of $247.64 [the amount it conceived to be due under the terms of the policy], the cause was tried before the court without a jury, and the finding was in favor of appellee. Appellant prosecutes this appeal for a reversal.

*Facts involved.* There is no dispute about the facts which are embraced in a stipulation, the exhibited policy and one deposition. Mary S. Townley was born November 2, 1946; the policy was issued as of November 28, 1946, which is the accepted anniversary date; and she died on May 18, 1951. The policy provides for the payment of $1,000 upon death unless certain portions thereof set out below provide for a less amount to be paid. If appellee's interpretation of the policy provisions is sustained the amount found by the trial court to be due appellant is not questioned.

The language to be interpreted appears on the first page of the policy, the pertinent part of which is here copied:

*A*

"If the death of the Insured occurs on or after the policy anniversary on which the Insured's age at nearest birthday is five years, but prior to the date of the maturity as an Endowment, the Death benefit shall be the face amount of this policy.

*B*

"If the death of the insured occurs prior to the policy anniversary on which the Insured's age at nearest birthday is five years, the death benefit shall be the accumulation from the due date of each premium to the date of death, at 3% per annum compound interest, of the

premiums paid which were due prior to the date of the death, provided, however. . . .''

Also at the bottom of page one of the policy the following summary of the preceding provisions appears:

### C

''Face amount payable at endowment maturity date or in event of death prior thereto if on or after policy anniversary nearest age 5. Return of annual premiums with 3% interest in event of death prior to policy anniversary nearest age 5. Premiums payable until endowment maturity date unless dividends applied to shorten premium paying period. Annual Dividends.''

The letters A, B and C before the paragraphs do not appear on the policy, but have been inserted for convenient reference.

*The issue.* The sole issue presented by this appeal is the meaning of the policy language quoted above. Appellant contends that she is entitled to the full amount of $1,000 because: (a) the insured died on a date [May 18, 1951] which was nearer her fifth birthday [November 2, 1951] than it was to her fourth birthday, and that this fixes liability under paragraph A; and (b) the language used in the several paragraphs when taken together is not clear, and that the doubt should be resolved in favor of appellant.

Appellee says there is nothing ambiguous about the language of the policy and that its clear meaning is that appellant could not prevail unless assured had died on or after a policy anniversary [November 28] which was nearer assured's fifth birthday than it was her fourth birthday.

*Interpretation of paragraph A.* The sattement of appellee's interpretation at the close of the preceding paragraph, with which we agree, permits only one conclusion. The first two lines fix the event relative to which death is considered—that event is the anniversary date of the policy, *i. e.,* November 28th. Death must be on or after a certain ''November 28th''. In this instance

insured's death occurred on May 18, 1951, which was *after* the last anniversary date of the policy on November 28, 1950. Then we find [construing lines 3 and 4] that insured's birthday nearest to November 28, 1950, was on November 2, 1950. On the latter date the insured was only four years old [since she was born November 2, 1946] whereas it was necessary for her to be five years old at that time before the face value of the policy became payable.

*Paragraphs B and C.* Of course all the applicable provisions of the policy must be construed together in arriving at the correct meaning, but there is nothing in either of these two paragraphs which in any way suggest an interpretation different from that indicated heretofore. Paragraph B differs from paragraph A only in that it expresses the same thing in the alternative, while paragraph C expresses in a summary manner the same things that are expressed in the other two paragraphs.

*No doubt about language.* While the exact meaning expressed by all the policy provisions referred to above may not be readily discernible from a casual reading yet, in our opinion, a careful consideration leads only to the conclusion we have reached. It is our further opinion that these several provisions of the policy are not conflicting or confusing. This being true, the case of *Rosenthal* v. *Equitable Life Assurance Society of the U. S.,* 273 N. Y. 522, 6 N. E. 2d 609, relied on by appellant, is not applicable here. There the different provisions of the policy were not harmonious. This fact and the reason for the court's holding appears from the last portion of the opinion which says:

". . . the provisions of the policy with respect to the disability payment before the age of sixty, and those with respect to the benefits after age sixty, were ambiguous and [that] the language of the policy being that of the insurance company should be construed in favor of the insured."

For the reasons set forth above the judgment of the lower court is affirmed.

Justice GEORGE ROSE SMITH not participating.